IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WILLIAM TEMPLEMAN and PEARL TEMPLEMAN, ) ) ) Plaintiffs, ) ) vs. ) ) ALLSTATE INSURANCE COMPANY, ) ) Defendant. ) | CIVIL ACTION NO. 05-0103-P-B |

ORDER

This five-count tort action is before this court for consideration of a dismissal with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. After consideration of the record as a whole, this action is dismissed with prejudice for plaintiffs' failure to prosecute this action and to comply with this court's Orders and directives.

Plaintiffs William and Pearl Templeman filed this action on January 5, 2005, in the Circuit Court of Baldwin County, Alabama. *CV-2005-8*. On February 22, 2005, defendant Allstate Insurance Company ("Allstate"), an Illinois corporation, removed the action to this federal district court pursuant to 28 U.S.C. § 1332 (doc.1).

Plaintiffs allege that on January 14, 2003, their home and its contents which were insured by Allstate, were destroyed by fire. Plaintiffs claim that Allstate has breached the policy terms: 1) insofar as Allstate had notice of the calamity; 2) the damage estimate for the structure amounted to $86,504.69; 3) Allstate failed to provide living expenses subsequent to the fire loss as allowed under

the policy; 4) Allstate paid only $1,000 on the contents and it is liable under the policy for the balance of the face amount of the contents; and 5) misrepresentation by Allstate's agents at the time plaintiffs purchased the policy, and upon which plaintiffs relied.  Plaintiffs seek compensation, punitive damages, interest, and costs (doc.1-attached Complaint).

      On February 22, 2005, Allstate filed its Answer (doc.2).

      On April 4, 2005, this court entered a Rule 16(b) Scheduling Order (doc.7).  The discovery completion date was set at September 6, 2005.  Id., item 2.

      On June 3, 2005, plaintiffs' counsel filed a motion to withdraw from representation citing verbal abuse directed at counsel's office staff by William Templeman, and due to an apparent "personality conflict with... William Templeman" (doc.13).  On June 3, 2005, this court noted the Motion and "DIRECTED" counsel

> to write to plaintiffs and advise them of the proposed withdrawal.  Counsel are also to advise plaintiffs that if the claims herein are to be pursued, plaintiffs should obtain new counsel as soon as possible, and to inform plaintiffs that the court will not be receptive to any extensions or continuances because of their failure to promptly retain new counsel.  The letter is to be mailed certified, return receipt requested; a copy of the letter and the return receipt are to be submitted to this court.  Upon receipt of the submission, this court will also write plaintiffs regarding *pro se* status and proceeding with this action.
>
> Upon counsel's compliance with this Directive, the Motion to Withdraw will be addressed.

(doc.14).

      On June 17, 2005, the motion to withdraw was granted after counsel complied with the specific notice requirements (doc.16, see docs.14-15).  Also, on June 17, 2005, this court wrote plaintiffs advising them of the same and granting them thirty days, until July 18, 2005, to obtain counsel and to have their new counsel file a notice of appearance (see court file, correspondence).  The court's

letter was mailed to plaintiffs by certified mail return receipt requested. The return receipt reflects receipt on June 20, 2005. Id. No notice of appearance was forthcoming.

On August 22, 2005, plaintiffs filed a self-styled *pro se* request for an extension of time within which to secure new counsel (doc.20). Plaintiffs stated that they had new counsel who was in the process of reviewing their case. Id.

Allstate objected contending that this action should be dismissed for plaintiffs' failure to prosecute and to respond to Allstate's repeated efforts to engage in discovery (doc.21). Allstate requested that the action be dismissed or, if not dismissed, that plaintiffs be compelled to respond to outstanding discovery requests and sit for depositions. Id.

On August 23, 2005, this court overruled Allstate's objection and granted plaintiffs' request for additional time (docs.22-23). Plaintiffs were afforded through September 9, 2005, to have their counsel file a notice of appearance (doc.22). The Order expressly "FOREWARNED" plaintiffs that "this court will not tolerate any further delay as a result of their failure to obtain new counsel, and that their failure to timely comply with this Order will result in sanctions, including but not limited to the dismissal of this action for failure to prosecute." Id.

To date, there has been no notice of appearance filed on plaintiffs' behalf, nor have plaintiffs requested a further extension. Also, there is no indication that plaintiffs have participated or even attempted to participate *pro se*, in any meaningful discovery.

Rule 41(b) provides: "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action..." World Thrust Films, Inc. v. Int'l Family Entertainment, Inc., 41 F.3d 1454, 1456 (11th Cir. 1995); Kilgo v. Ricks, 983 F.2d 189,

192 (11th Cir. 1993).  In addition, this court may dismiss an action sua sponte to "achieve the orderly and expeditious disposition of cases."  Link v. Wabash Railroad Co., 370 U.S. 626, 630-32 (1962); Mingo v. Sugar Cane Growers Co-op of Florida, 864 F.2d 101, 102 (11th Cir. 1989) ("District court possesses inherent power to police its docket.").  However, "the severe sanction of dismissal should be imposed 'only in the face of a clear record of delay or contumacious conduct....'" Rodgers v. Bowen, 790 F.2d 1550, 1552 (11th Cir. 1986) (citation omitted).  "There must also be a finding that less severe sanctions would not suffice."  Id. (citing Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983); Mingo, 864 F.2d at 102 ("dismissal is warranted only upon a 'clear record of delay or willful contempt and a finding that lesser sanctions would not suffice.'").

Herein, plaintiffs were expressly forewarned that their failure to comply with this court's Orders would result in the dismissal of their action.  To date, there has been no notice of appearance filed on plaintiffs' behalf.  Plaintiffs have not requested any further extension of time within which to seek new counsel or within which to proceed pro se.  Thus, this court finds that insofar as plaintiffs have failed to comply with this court's Orders, and insofar as plaintiffs have been forewarned, no lesser sanction other than dismissal with prejudice, is warranted.

Accordingly, it is ORDERED that plaintiffs' action brought against defendant Allstate Insurance Company be and is hereby DISMISSED with prejudice pursuant to Fed.R.Civ.P. 41(b).

DONE this 19th day of September, 2005.

      S/Virgil Pittman\
SENIOR UNITED STATES DISTRICT JUDGE